CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 13 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EDWARD JAMES EGAN, | ) | CASE NO. 7:15CV00077 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| KEVIN GICK, ET AL., | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Edward James Egan, a Virginia inmate proceeding pro se, filed this action as a civil rights complaint under 42 U.S.C. § 1983, suing a former Assistant Commonwealth's Attorney for filing a motion to dismiss a pleading Egan filed about his closed criminal cases. The court previously dismissed Egan's § 1983 action for failure to comply with a court order, and Egan has moved for reinstatement. For cause shown, the court will grant plaintiff's motion to reinstate, but will summarily dismiss his complaint under 28 U.S.C. § 1915A(b)(1) as frivolous.

I

The court conditionally filed Egan's § 1983 complaint and by order entered March 16, 2015, directed him to submit his executed consent form in ten days, agreeing to pay the $350.00 filing fee through installments from his inmate trust account. After more than ten days had elapsed, and plaintiff had not complied, the court dismissed the action without prejudice on March 31, 2015.

Egan now submits a pleading titled "NOTICE AND MOTION," providing evidence that he did not receive the court's March 16 order until March 30 and that he placed his executed consent form in the prison's mailroom on the same day. Based on these efforts to comply with the court's order, Egan seeks reinstatement of this civil action under 42 U.S.C. § 1983 to the

active docket of the court. For cause shown, the court will reinstate the case and consider Egan's complaint.

The relevant facts are these, as gleaned from liberal construction of Egan's sparse pleadings, online state court records, and Egan's prior lawsuit in this court, Egan v. Roanoke Co. Cir. Ct., No. 7:12CV00129 (W.D. Va. Apr. 26, 2012) (Turk, J.). In September 2011, Egan filed a petition in the Roanoke County Circuit Court, claiming that several criminal judgments entered against him are "void" under Virginia law and should be vacated (CR03000735, 736, 737, 738, 739,740).[1] An Assistant Commonwealth's Attorney, Kevin Gick, filed a motion to dismiss Egan's petition for lack of jurisdiction. Egan filed motions in the Circuit Court asking for appointment of counsel and a hearing in this matter, but by order entered March 29, 2012, the Court granted the motion to dismiss.

While his petition was pending in Roanoke County, Egan filed a civil rights action in this court, Egan v. Roanoke Co. Cir. Ct., 7:12CV00129, asking for an order directing the state court to appoint counsel and address his claims in the petition to void his convictions. By opinion and order entered in April 2012, the court summarily dismissed Egan's civil action under 28 U.S.C. § 1915A(b)(1) as legally frivolous.[2]

Egan filed his present complaint in the United States District Court for the Eastern District of Virginia in February 2015. Because the cause of action arose in Roanoke County, the Eastern District transferred it to this court. Egan's complaint names Gick and his supervisor as defendants and appears to claim that by filing the motion to dismiss, they violated Egan's right to access the court, denied him due process, and committed fraud by arguing that the circuit court

---

[1] Records from the Roanoke County Circuit Court are accessible online at http://www.courts.state.va.us.

[2] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

2

judge should dismiss Egan's petition for lack of jurisdiction. As relief, Egan essentially asks this court to require the circuit court to vacate its dismissal order, reinstate the motion to void the criminal judgments, appoint counsel, and hold an evidentiary hearing where Egan can prove his innocence.

II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). When it is clear from the face of a § 1983 complaint that plaintiff's claim is barred by the applicable statute of limitations, the court may summarily dismiss the complaint without prejudice as legally frivolous. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 956 (4th Cir. 1995) (en banc).

A § 1983 claim based on events that occurred in Virginia must be brought within two years from the time when the action accrues or it is barred by Va. Code Ann. § 8.01-243(a), Virginia's statute for general, personal injury claims. See Owens v. Okure, 488 U.S. 235, 239-40 (1989). A claim under § 1983 accrues when plaintiff knows enough about the harm done to him to bring his lawsuit. Nasim, 64 F.3d at 955. It is clear from the face of Egan's complaint that he knew in March 2012, when the circuit court granted defendants' motion to dismiss, the harm that defendants had allegedly inflicted on him. Yet, Egan did not file this action until February 2015, nearly three years later. Thus, any viable claim he may have had against defendants under

3

§ 1983 is time barred under § 8.01-243(a).[3] On that ground, the court will summarily dismiss his reinstated § 1983 complaint under § 1915A(b)(1) as frivolous. Nasim, 64 F.3d at 956. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 13th day of May, 2015.

                                                                                                           */s/ Glen Conrad*
                                                                                                            Chief United States District Judge

---

[3] In any event, the court has no jurisdiction to grant the relief Egan seeks here. The gravamen of his demand for relief in this lawsuit asks this court to overturn the circuit court's dismissal order. Lower federal courts like this one, however, do not have jurisdiction to review the judgments of state courts on appeal. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). Jurisdiction for appellate review of state court judgments lies exclusively with superior state courts and, ultimately, with the United States Supreme Court. Id. at 731; 28 U.S.C. § 1257.