CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 15 2015

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EDWARD JAMES EGAN, | ) | CASE NO. 7:15CV00077 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| KEVIN GICK, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Edward James Egan, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that a former prosecutor and his supervisor deprived Egan of the right to access a state court. By opinion and order entered March 31, 2015, the court dismissed the action without prejudice after Egan failed to comply with the court's conditional filing order. Egan moved to vacate this dismissal and reinstate the case, based on evidence of mail delays. By opinion and order entered May 13, 2015, the court granted the motion to reinstate (ECF No. 19), vacated the March 31 dismissal order, considered Egan's claims, and summarily dismissed them as time-barred and legally frivolous under 28 U.S.C. § 1915A(b)(1). Egan then submitted several additional motions, all of which must be denied.

Egan has submitted the following motions: "notice and motion pursuant to Rule 60," reiterating his § 1983 claims (ECF No. 26); "Notice," arguing that he complied with the conditional filing order (ECF No. 27); "motion to recuse judge," based on the court's summary dismissal of his claims of extrinsic fraud (ECF No. 28), as well as dismissals of prior cases; "notice and motion pursuant to Rule 60," demanding reinstatement on the ground that his claim cannot be time-barred, because he is still unable to pursue his state court case (ECF No. 29); and "motion for preliminary injunction," asking the court to order the defendants "to stop the

blockage of access to the Virginia courts by states representatives" (ECF No. 30) (emphasis in original).

None of Egan's submissions provides information demonstrating that the court's dismissal of his claims as time-barred was erroneous or presents any other ground on which the case should be reinstated to the active docket. Egan also states no valid reason requiring the court to recuse itself from deciding his pending motions in this case. See Belue v. Leventhal, 640 F.3d 567, 575 (4th Cir. 2011) (noting the well-established principle that "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." 640 F.3d at 575 (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Finally, because Egan has no likelihood of success on the merits of his underlying, untimely claim against the defendants named in this action, he has not demonstrated that interlocutory injunctive relief of any kind is warranted. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)).

For the reasons stated, the court will summarily deny the motions. An appropriate order will enter this day. Egan may appeal the court's ruling within thirty days to the United States Court of Appeals for the Fourth Circuit, if he so desires and satisfies procedural requirements there.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 15th day of June, 2015.

_____
Chief United States District Judge