CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 04 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EDWARD JAMES EGAN, | ) | CASE NO. 7:15CV00077 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| KEVIN GICK, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Edward James Egan, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that a former prosecutor and his supervisor deprived Egan of the right to access a state court in March 2012. By opinion and order entered May 13, 2015, the court summarily dismissed Egan's claims as time-barred and legally frivolous under 28 U.S.C. § 1915A(b)(1). Egan has submitted repeated motions seeking reinstatement and reconsideration, which must be denied as lacking merit.

Egan first argues that his § 1983 claims cannot be time-barred because he is under the disability of imprisonment, see Va. Code Ann. § 8.01-2, and the court did not appoint a guardian ad litem for him in the § 1983 action. This argument fails on the face of the applicable statutes. A person under a disability is entitled to appointment of a guardian ad litem only if he is named as a party defendant. See Va. Code Ann. § 8.01-9(A). Egan is the plaintiff in this § 1983 action.

Second, Egan tries to show that his subsequent motions and appeals in the state courts tolled the statue of limitations. This argument also fails. Because Egan knew in March 2012 that defendants' arguments had resulted in dismissal of his state court motion, his § 1983 cause of action accrued at that time, Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc), and his two-year filing period under Va. Code Ann. § 8.01-243(A) began to run.

Because plaintiff need not exhaust state court remedies before filing a § 1983 action, see Patsy v. Board of Regents of State of Fla., 457 U.S. 496, 502 (1982), the court finds no reason that the number of appeals and motions for reconsideration that Egan chose to pursue in the state courts had any effect on the running of the limitation period under § 8.01-243(A). Egan did not file his § 1983 action against the defendants within two years of the time of accrual. Therefore, it was properly dismissed as time-barred. In any event, Egan's § 1983 complaint does not state a claim on which relief can be granted by this court, which has no jurisdiction to overturn the state court's dismissal order. See Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997) (finding that jurisdiction for review of state court judgments lies exclusively with superior state courts and, ultimately, with the United States Supreme Court).

Because none of Egan's current submissions states any ground on which he is entitled to reinstatement of this closed case or alteration of the dismissal order, his motions must be denied. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 4th day of August, 2015.

*[signature]*
Chief United States District Judge